# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49792

| | |
|---|---|
| In the Matter of Jane Doe I, A Child Under Eighteen (18) Years of Age. | )<br>)  Filed:  September 9, 2022<br>)<br>)  Melanie Gagnepain, Clerk |
| STATE OF IDAHO, DEPARTMENT OF HEALTH & WELFARE,<br><br>Petitioner-Respondent,<br><br>v.<br><br>JANE DOE (2022-24),<br><br>Respondent-Appellant. | )<br>)  THIS IS AN UNPUBLISHED<br>)  OPINION AND SHALL NOT<br>)  BE CITED AS AUTHORITY<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Appeal from the Magistrate Division of the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. Thomas D. Kershaw, Jr., Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Rockstahl Law Office, Chtd.; Joe Rockstahl, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; James T. Baird, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Chief Judge

Jane Doe (2022-24) appeals from the judgment terminating her parental rights.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the mother of the minor child in this action who was born in 2019.  Following the removal of the child's two older half-siblings due to suspected physical abuse by the child's father (Doe's husband), the child was removed from Doe and her husband's care at thirteen months of age due to reports that the father was abusing both Doe and the child.  Subsequently, the child was

1

placed into the care of her maternal grandparents. The magistrate court approved case plans for Doe and the child's father. The Department moved for a finding of aggravated circumstances based upon the father's physical abuse and Doe's "chronic neglect" of the child. The magistrate court granted the motion, which relieved the Department of the obligation to make reasonable efforts to return the child to Doe's custody. The magistrate court subsequently held periodic review hearings to monitor the parents' progress on their case plans. Reports provided to the magistrate court "concerning the parents' compliance were uniformly negative."

Ultimately, the Department filed a petition to terminate Doe's parental rights to the child. After finding by clear and convincing evidence that Doe neglected the child and that termination is in the child's best interests, the magistrate court terminated Doe's parental rights.[1] Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The Idaho Supreme Court has said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *Doe v. Dep't of Health & Welfare*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652. Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). The appellate court will indulge all reasonable inferences in

---

[1] The magistrate court also terminated the father's parental rights to the child. That decision, however, is not at issue in this appeal.

2

support of the trial court's judgment when reviewing an order that parental rights be terminated. *Doe*, 148 Idaho at 245-46, 220 P.3d at 1064-65.

## III.

## ANALYSIS

Doe challenges the sufficiency of the evidence supporting the magistrate court's findings that she neglected the child and that termination is in the child's best interests. The Department responds that substantial evidence supports the magistrate court's termination decision. We affirm the termination of Doe's parental rights.

### A. Statutory Basis for Termination

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

In this case, the magistrate court terminated Doe's parental rights because she neglected the child. Idaho Code Section 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a Child Protective Act case and the Department has had temporary or legal custody of the child for fifteen of the most

3

recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

The magistrate court found, by clear and convincing evidence, that Doe "neglected [the child] as that term is defined in the statutes." Although the magistrate court did not expressly identify the specific statutory definition of neglect Doe's behavior satisfied, the factual findings and legal analysis contained in the magistrate court's written findings of fact and conclusions of law indicate that Doe neglected the child under I.C. § 16-2002(3)(b). Specifically, the magistrate court found that Doe had not "complied with the court's order regarding the case plan" in the child protection case and that the Department "had custody of the child for more than 15 of the last 22 months" without Doe being reunified with the child.

On appeal, Doe does not directly challenge either of the two findings by the magistrate court identified above. The argument section of Doe's appellate brief that is dedicated specifically to challenging the magistrate court's finding of neglect begins with a recitation of the statutory definition of neglect contained in I.C. § 16-1602(31). As indicated above, the magistrate court's factual findings and legal analysis indicate that it found Doe neglected the child under the definition contained in I.C. § 16-2002(3)(b)--not I.C. § 16-1602(31). Moreover, Doe presents no cogent legal argument showing that the magistrate court's finding of neglect was error. To the contrary, Doe follows the recitation of the irrelevant definition of neglect with a new paragraph that begins with the phrase "[i]n this case," suggesting a discussion of how the magistrate court erred is forthcoming. However, nothing follows the phrase until the next line of the brief where a heading appears, indicating the magistrate court erred by finding termination is in the child's best interests. Appellate courts generally do not address issues lacking support from cogent argument and citation to legal authority, even in a case terminating parental rights. *Idaho Dep't of Health & Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018). Nevertheless, we conclude substantial and competent evidence supports the magistrate court's conclusion that Doe neglected the child and that terminating Doe's parental rights is in the child's best interests.

Doe acknowledges that the child was placed into the Department's custody in June of 2020 and that reunification had not occurred by the time of the termination trial twenty-two months later in April of 2022--seven months more than the fifteen months of the most recent twenty-two months

4

necessary to constitute neglect under I.C. § 16-2002(3)(b). Accordingly, our inquiry will focus on whether substantial, competent evidence supports the magistrate court's finding that Doe failed to comply with her case plan. The copy of Doe's case plan admitted into evidence during the termination trial required Doe to (among other things): (1) participate in family preservation services and demonstrate the skills learned; (2) explore respite care options when the children returned home; (3) participate in a trauma-informed parenting class and provide a certificate of completion; (4) attend anger management treatment and follow all treatment recommendations; and (5) provide safe, stable, sanitary housing for the children throughout the child protection action.

Doe acknowledges that she did not complete the first two tasks listed above, but asserts that she was unable to do so because the child remained in foster care. There is substantial, competent evidence in the record, however, showing that Doe failed to complete additional tasks. For example, a Department social worker testified that Doe had not completed the required parenting class or anger management treatment after approval of the case plan.[2] Additionally, Department employees testified that Doe failed to maintain sanitary housing while the father served a six-month jail sentence after pleading guilty to child endangerment for conduct related to the child's two half-siblings.

However, the "biggest concern" Department employees had, according to the magistrate court, was Doe's "apparent inability or unwillingness" to protect the child from her physically abusive father. The magistrate court shared this concern, finding that the child "would be in danger from [her father] if placed in his care, and that [Doe] lacks the will or the ability to protect" the child from her father. Substantial and competent evidence supports these findings. Department employees and Doe's mother testified to Doe disclosing instances of the father threatening to kill Doe and various episodes in which the father physically abused either Doe or the child prior to the inception of the child protection case. For example, the child's maternal grandmother testified to Doe describing the father throwing the child "up the stairs" and bouncing her "off the wall into her crib." A Department social worker testified to Doe divulging an episode where the father held the

---

[2] Doe testified that she completed a parenting class, but admitted under cross-examination that it was before approval of the case plan.

child against a wall by the neck in an attempt to strangle the child when she would not stop crying. In another episode Doe disclosed, the father covered the child with a pillow and laid on top of her in an attempt to stop her crying while on a camping trip. The violence perpetrated by the father that Doe disclosed was not limited to the child. Doe also indicated that on more than one occasion the father threatened Doe while holding a gun, threw her to the ground, and kicked her in the stomach. At one point, the child was placed under protective supervision with Doe on the condition that the father have no unsupervised contact with the child. Nevertheless, Doe told Department employees that, during this time, she would leave the child alone with the father in the residence they shared after disputes that left Doe fearing for her life. When confronted during the trial with these prior statements and her decision to continue living with the father, Doe indicated that she had "lied" because she was angry with the father. Thus, the evidence in the record shows that Doe not only failed to maintain sanitary housing throughout the child protection action, but she also failed to provide *safe* housing for the child. Doe has failed to show error in the magistrate court's finding that she neglected the child.

## B.     Best Interests of the Child

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

As previously stated, the magistrate court determined that terminating Doe's parental rights is in the child's best interests. The magistrate court noted that the improvement of a child while in foster care is a factor to consider when evaluating whether termination is in a child's best

interests. The magistrate court found that the child "is doing well" in her maternal grandparents' custody, noting that "witnesses testified that [the child] has 'really blossomed,'" is "flourishing and is 'really bonded'" to the grandparents. The child's maternal grandmother testified that, upon entering her care, the child was nonverbal and could not walk.[3] The grandmother further testified about a family dinner prior to the child protection action during which she noticed the child felt "really cold" and had to instruct Doe and the father to take the child to the hospital, where she was diagnosed with hypothermia. According to the grandmother, the child has remained healthy and began both walking and talking since leaving Doe's care.

Although not expressly identified as such, various other factual findings by the magistrate court support its best interests determination. Although there is no set list of factors a court must consider when evaluating whether termination is in the best interests of the child, whether the parent has provided financial support and the child's need for stability and certainty are factors trial courts may consider. *Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015). Doe does not challenge the magistrate court's finding that she did not provide "any material support" for the child after approval of the case plan. Furthermore, the maternal grandmother testified that she intended to adopt the child if Doe and the father's parental rights were terminated. Eclipsing all this, however, is the evidence demonstrating the physical danger posed by returning the child to Doe. As described above, substantial, competent evidence supports the magistrate court's finding that the child would be in physical danger if returned to Doe's care because of her inability or unwillingness to protect the child from her physically abusive father with whom Doe continues to reside. Doe has failed to show error in the magistrate court's determination that terminating her parental rights is in the best interests of the child.

---

[3] Doe contends that the grandmother's "allegations should be carefully scrutinized" because she has custody of the child, which "appears to be a conflict of interest." It is the trial court's role to determine the credibility of witnesses, the weight to be given their testimony, and the inferences to be drawn from the evidence. *Doe*, 159 Idaho at 195, 358 P.3d at 80. Doe does not cite a portion of the record indicating that the magistrate court found any portion of the grandmother's testimony not credible. We will not do so on appeal.

## IV.

## CONCLUSION

Substantial, competent evidence supports the magistrate court's determinations that Doe neglected the child and that termination is in the best interests of the child. Doe has failed to show error in the magistrate court's decision to terminate her parental rights. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.